David WALLACE, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 30040.

Missouri Court of Appeals,
Southern District,
Division One.

April 14, 2010.

---

Kent Denzel, Columbia, for Appellant.

Chris Koster, Atty. Gen. and Mary H. Moore, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

David Wallace ("Movant") appeals the motion court's "Findings of Fact and Conclusions of Law" which denied his Rule 24.035 motion.[1] In his sole point relied on, Movant maintains the motion court clearly erred in denying his Rule 24.035 motion "because the plea court lacked a factual basis to accept his guilty plea ..." when the State "stated in the plea hearing that the item [Movant] was charged with stealing was an ATM card, not a credit card, which would make the offense a class A misdemeanor." Accordingly, he asserts his guilty plea was unknowingly and unintelligently entered. We affirm the findings and conclusions of the motion court.

Movant was charged via "Information" with the class C felony of stealing, a violation of section 570.030.[2] The Information charged that "on or about the 11th day of April, 2007, ... [Movant] appropriated a U.S. Bank ATM Credit Card, which was property owned by [the victim], and [Movant] appropriated such property without the consent of [the victim] and with the purpose to deprive [the victim] thereof."

A guilty plea hearing on this charge was held on June 3, 2008. At the hearing, Movant announced he wanted to withdraw his not guilty plea and enter a guilty plea pursuant to a plea agreement negotiated with the State. Movant informed the plea court he understood the terms of the plea agreement to be that the State would *recommend* a five year sentence with 120–day shock incarceration and he was aware that the range of punishment for the offense was up to seven years imprisonment. He related he understood the charges against him and had discussed the matter at length with his counsel; he stated he understood he had a right to proceed to trial and that by pleading guilty he was giving up that right; he related he was aware that by pleading guilty he was giving up numerous other rights; he relayed he had no complaints about his counsel's representation; and he stated he had not been intimidated or coerced into pleading guilty.

The State then recited the factual basis of the plea. The State informed the plea

---

1. All rule references are to Missouri Court Rules (2008).

2. All statutory references are to RSMo Cum. Supp.2005, except as otherwise stated.

court that Movant was charged with "appropriat[ing] a U.S. Bank ATM Credit card." The State then related the following:

> [t]he City of Poplar Bluff Police Department investigated a theft .... It concerned the ATM card mentioned in the ... information.
>
> During the investigation it was determined that [Movant] attempted to use that ATM card ... to obtain cash from an ATM machine.
>
> There was a video surveillance done. [The victim] knew [Movant] ... they were acquaintances, and [the victim] would positively identify [Movant] as the individual who attempted to use that card. Would further testify that [Movant] had been in his home and had access to that card.
>
> And while he could not testify directly that [Movant] stole the card, there's more than enough circumstantial evidence to indicate that, when [Movant] was in [the victim's] home, that he did appropriate that card, attempt to use it, did use that card, and he did that with the purpose to deprive [the victim] of that.

Movant then agreed with the facts as set out by the State and indicated the State's assertions were "true." He further informed the plea court he was pleading guilty because he had, in fact, "used the ATM card" which belonged to the victim. The plea court found his "plea of guilty has been freely and voluntarily entered with an understanding of the nature of the charge, the range of punishment, and the consequences of a plea of guilty." The plea court then sentenced Movant according to the terms of the plea agreement to five years imprisonment as well as 120–day shock incarceration pursuant to section 559.115. However, following completion of Movant's 120–day shock incarceration, the plea court found "it would be an abuse of discretion to release [Movant] and order[ed] the execution of the sentence of 5 years."

Movant filed a timely *pro se* Rule 24.035 motion on September 22, 2008. He was thereafter appointed counsel and his appointed counsel filed a timely "Amended Motion to Vacate, Set Aside or Correct the Judgment and Sentence" which asserted in part that the "State failed to allege facts sufficient to support the offense as charged." The State and Movant's counsel stipulated that an evidentiary hearing would not be necessary and agreed "that the plea transcript taken on June 3, 2008[,] in the underlying criminal case is the only evidence for the record in this matter." On July 14, 2009, the motion court entered its "Findings of Facts and Conclusions of Law" which denied Movant relief due to his failure "to sustain his burden [of proving] that the plea hearing was inadequate" on the issue of the factual basis for the plea. This appeal by Movant followed.

Our review of a motion court's decision on a Rule 24.035 motion for postconviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Johnson v. State*, 210 S.W.3d 427, 431 (Mo.App.2006). Findings of fact and conclusions of law are clearly erroneous only when, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made. *Morehead v. State*, 145 S.W.3d 922, 927 (Mo.App.2004). The motion court's findings are presumptively correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002). " 'Movant bears the burden of proving, by a preponderance of the evidence, that the motion court erred.' " *Stuart*, 263 S.W.3d at 757 (Mo. App.2008) (quoting *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App.1998)).

■ Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The recital of a factual basis for the charge helps to ensure the guilty plea is knowing and voluntary. *Carmons v. State*, 26 S.W.3d 382, 384 (Mo.App.2000). A factual basis for a guilty plea exists if the defendant understands the facts recited at the plea hearing, those facts establish the commission of the charged crime, and the defendant is aware of the nature of the charges. *Calvin v. State*, 204 S.W.3d 220, 225 (Mo.App.2006); *Lawrence v. State*, 209 S.W.3d 515, 520 (Mo.App.2006). "A defendant is not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists." *Brown v. State*, 45 S.W.3d 506, 508 (Mo.App.2001). Further, " '[a plea] court is not required to explain every element of a crime to which a person pleads guilty so long as the defendant understands the nature of the charge.' " *Daniels v. State*, 70 S.W.3d 457, 461 (Mo.App.2002) (quoting *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996)). The factual basis need not be established from the defendant's own words or by his admission of the facts recited by the State as long as a factual basis exists on the record as a whole. *Kennell v. State*, 209 S.W.3d 504, 506 (Mo.App.2006). " 'If the facts presented to the court during the guilty plea hearing do not establish the commission of the offense, the court should reject the guilty plea.' " *Smith v. State*, 141 S.W.3d 108, 111 (Mo.App.2004) (quoting *Brown*, 45 S.W.3d at 508). "Our focus is on whether the plea was made intelligently and voluntarily [and not on] whether a particular ritual is followed or every detail explained." *Daniels*, 70 S.W.3d at 461 (citation omitted).

■ "A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." § 570.030.1. The term " '[a]ppropriate' means to take, obtain, use, transfer, conceal or retain possession of . . . ." § 570.010(2), RSMo 2000. Movant admits the facts set out by the State at the plea hearing proved that he appropriated the ATM card in that the State had evidence he stole the card and Movant admitted to stealing the card.

What Movant takes issue with in this case is the fact that, according to Movant, "there is nothing in the record stating that the ATM [card] was a 'credit card,' as used in [section] 570.030.3(3)(c)." Accordingly, he argues "[t]he facts stated . . . do not fit under any of the categories [set out in section 570.030.3]; nothing established the charged class C felony offense." Section 570.030.3 states in part:

[n]otwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if:

\* \* \*

(3) The property appropriated consists of:

\* \* \*

(c) Any credit card or letter of credit. . . .

■ Here, the Information clearly charged Movant with stealing an "ATM Credit Card" and the State read the language of the Information into the record including the statement that he stole the "ATM credit card." Additionally, the State even referenced the fact that the charge against Movant "concerned the ATM card mentioned in the [I]nformation." Movant then pled guilty based on the facts set out by the State. " 'A plea of

guilty is an admission as to the facts alleged in the information.' " *Felton v. State,* 103 S.W.3d 367, 371 (Mo.App.2003) (quoting *Milligan v. State,* 772 S.W.2d 736, 739 (Mo.App.1989)). The requirements for a factual basis require only that the defendant "has been made aware of the nature of the charges at some time prior to the [plea] court's acceptance of his plea." *Id.* at 370. Further, in the present matter Movant confirmed to the trial court on more than one occasion that he understood the charge against him. He then admitted the facts set out by the State were true and that he was pleading guilty to stealing because he stole the victim's ATM credit card. It is clear that Movant understood the facts as outlined by the State in the Information and at the plea hearing. The Information and the facts set out by the State alleged every element of felony stealing and the record supports the motion court's finding that Movant understood those elements. Movant's plea was knowingly, intelligently, and voluntarily entered. The motion court's findings of fact and conclusions of law were not clearly erroneous. Point denied.

The findings of fact and conclusions of law of the motion court are affirmed.

BATES, P.J., and BURRELL, J., concur.