Timothy Y. MICHAELS, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 30972.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 15, 2011.

Kent Denzel, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Timothy A. Blackwell, Assistant Attorney

General, Jefferson City, MO, for Respondent.

**WILLIAM W. FRANCIS, JR.,**
Presiding Judge.

Timothy Y. Michaels ("Michaels") appeals the motion court's denial of his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. We affirm the judgment of the motion court.

## Factual and Procedural History

The Greene County prosecutor charged Michaels with manufacturing a controlled substance and possession of a controlled substance in Case No. 31307CF2691, and possession of a controlled substance punishable as a prior drug offender in Case No. 0831–CR03664.

Michaels appeared in court on February 27, 2009, and entered guilty pleas to the charged offenses under two plea agreements. The plea agreement for the manufacturing and possession offenses in Case No. 31307CF2691 ("PA–I") called for Michaels to receive concurrent sentences of seven years on the manufacturing charge, and a three-year sentence on the possession offense, pursuant to section 559.115. The plea agreement in Case No. 0831–CR03664 ("PA–II") showed a seven-year sentence to run concurrent with any existing sentence, pursuant to section 559.115. The plea court recited the content of both plea agreements and specifically noted, "Probation will be denied." Michaels stated he had no questions about the charges, understood the plea agreements, and had sufficient time to discuss his case with plea counsel. Michaels also stated he understood he had the right to go to trial rather than plead guilty, understood his rights had he gone to trial, and he was giving up those rights by pleading guilty. He admitted he was not induced by any threat to plead guilty.

The prosecutor recited the range of punishment and the facts he expected to prove as to both cases. As to Case No. 31307CF2691, he explained that Springfield police officers went to Michaels' residence to investigate a burglary and smelled what they believed were odors associated with manufacturing methamphetamine ("meth"). When they knocked, a man inside said he could not let them in because he did not live there. The officers heard noises that led them to believe that the person was armed and was barricading himself inside. The person then escaped through a window. The police obtained a search warrant and confirmed there was a meth lab and meth in Michaels' apartment. Michaels was later arrested. He told the police that he helped a man carry a duffel bag and two or three milk crates into his apartment and heard glass rattling, but he did not know the contents of the crates. Michaels said the man asked him about making meth in Michaels' apartment but Michaels told him that he could not. Michaels subsequently left the man alone in his apartment to give him "some privacy."

The prosecutor also described the evidence from Case No. 0831–CR03664, stating that police found pills containing diazepam on Michaels' person following his arrest. Michaels admitted the pills were his and that they were Valium, for which he did not have a prescription.

Michaels admitted there was substantial evidence against him and a great likelihood he would be convicted if he were to go to trial; he entered *Alford*[2] guilty pleas to the charges. The plea court accepted Mi-

---

**1.** All rule references are to Missouri Court Rules (2011), and all references to statutes are to RSMo Cum.Supp.2008, unless otherwise indicated.

**2.** *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

chaels' pleas, finding they were voluntarily entered and there was a factual basis for them. The plea court then imposed the sentences called for in the plea agreements.

As the plea court advised Michaels of his rights under Rule 24.035, the prosecutor interrupted and stated there was a probation revocation pending in another case. The plea court stated, "I'm going to suspend probation on that case and restart it when he's released from the 120–day treatment program." Michaels again affirmed that plea counsel had not promised him anything to get him to plead guilty other than that contained in the plea agreements.

The sentence and judgment in each case stated, "The Defendant is committed to the **Institutional Treatment Program** (§559.115 RSMo). The Department of Corrections [ ("DOC") ] shall provide a report and recommendation whether probation should be granted."

On or about June 19, 2009, Michaels began the 120–day treatment program. On July 6, 2009, Michaels' probation was denied in Case No. 31307CF2691, pursuant to section 559.115, and execution of his seven-year sentence was ordered.

On September 18, 2009, Michaels filed a *pro se* motion under Rule 24.035. Appointed counsel then filed an amended motion, alleging that plea counsel was ineffective for incorrectly advising Michaels: (1) that he was "guaranteed" release on probation under section 559.115 unless he received new charges while in the treatment program; and (2) as to the statutory requirements of the offenses of manufacturing and possessing a controlled substance. Michaels alleged that had he been correctly advised, he would have gone to trial rather than plead guilty.

On November 2, 2010, the motion court issued its "Order Denying Amended Motion to Vacate, Set Aside or Correct Sentence and Judgment" denying relief without an evidentiary hearing. The motion court held the record refuted Michaels' claims. The motion court found the plea court asked Michaels whether he had read and understood the plea agreements and whether there were any promises made to him other than those contained in the plea agreements, and Michaels affirmed he had read and understood the plea agreements and there were no promises not contained therein. The motion court similarly found that Michaels' claim that counsel did not properly advise him of the statutory requirements of the charges was refuted by the record because Michaels acknowledged that the plea court briefly read the charges to him, he had no questions about them, and he was completely satisfied with counsel. This appeal followed.

Michaels contends the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because his claims are not clearly refuted by the record. The determinative issues on appeal are:

1. Did the motion court clearly err in finding the record refuted Michaels' claim that his counsel was ineffective for guaranteeing his release on probation under section 559.115?

2. Did the motion court clearly err in finding the record refuted Michaels' claim that his counsel was ineffective for failing to properly advise Michaels as to the nature of the offenses of manufacturing and possessing a controlled substance?

### Standard of Review

This Court reviews the motion court's findings and conclusions denying a Rule 24.035 motion to determine whether they are clearly erroneous. *Chrisman v. State*, 288 S.W.3d 812, 820 (Mo.App. S.D.2009). The motion court's findings and conclu-

sions are presumptively valid and will be reversed only if this Court, after reviewing the complete record, is left with a "definite and firm impression that a mistake has been made." *Id.* (internal quotation and citation omitted). The movant bears the burden of proving, by a preponderance of the evidence, the motion court erred. *Stuart v. State,* 263 S.W.3d 755, 757 (Mo. App. S.D.2008).

■ A post-conviction movant is not entitled to an evidentiary hearing unless he satisfies the following three requirements: "(1) he must allege facts, not conclusions, which, if true, would warrant relief; (2) the allegations must not be refuted by the record; and (3) the matters of which he complains must have resulted in prejudice to his defense." *Stuart,* 263 S.W.3d at 757 (internal quotation and citation omitted). If any one of the three factors is absent, the motion court may deny an evidentiary hearing. *Id.*

■ Both of Michaels' points relied on allege his plea counsel was ineffective. In order to prevail on a claim of ineffective assistance of counsel, movant must show: (1) that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under the same or similar circumstances; and (2) that this deficiency resulted in prejudice to his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Storey,* 901 S.W.2d 886, 893 (Mo. banc 1995). " 'Movant must show, but for the conduct of his trial attorney about which he complains, he would not have pleaded guilty but would have insisted on going to trial.' " *Chaney v. State,* 223 S.W.3d 200, 206 (Mo. App. S.D.2007) (quoting *Cupp v. State,* 935 S.W.2d 367, 368 (Mo.App. S.D.1996)).

■ "Where, as here, there is a negotiated plea of guilty, a claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made." *Chaney,* 223 S.W.3d at 206 (internal quotation and citation omitted). An *Alford* plea is treated no differently than a guilty plea where the accused admits the commission of the crime charged. *Id.* "As with any guilty plea, an *Alford* plea is valid if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* (internal quotation and citation omitted). "If the movant receives a heavier sentence than he actually expected, this expectation does not make a plea involuntary." *Talley v. State,* 146 S.W.3d 465, 467 (Mo.App. S.D.2004). "However, if the movant had a mistaken belief about his sentence, it could entitle him to relief if the mistake was based on a positive misrepresentation on which he was entitled to rely, and if the mistake was reasonable." *Id.* (internal quotation and citation omitted).

### Point I

■ First, we examine whether the motion court clearly erred in finding the record refuted Michaels' claim that his counsel was ineffective for guaranteeing release on probation under section 559.115. Here, Michaels specifically contends his guilty pleas were not voluntary because counsel "guaranteed" that Michaels would be released on probation under section 559.115 unless Michaels received new charges while in the treatment program. Michaels, however, was denied release under section 559.115, and he was not allowed to complete the program. We cannot say that the motion court clearly erred in denying Michaels' motion.

First, Michaels signed the plea agreements which specifically stated that all the promises made to and on which he relied in being willing to plead guilty were contained in the plea agreements. PA–I

showed his sentence as seven years in the DOC on the manufacturing offense, three years in the DOC on the possession offense, and noted the sentence was "under 559.115." PA–II showed Michaels' sentence as seven years in the DOC for possession of a controlled substance as a prior drug offender to run concurrent with any existing sentence. Additionally, both plea agreements showed that probation was denied. Furthermore, at the hearing Michaels stated he had no questions about the charges, understood the plea agreements, and that he had sufficient time to discuss his case with plea counsel. The plea court again advised Michaels of the range of punishment and factual basis for his charges. Michaels then stated that the plea agreements he signed contained *all* the promises made to him to plead guilty.

In support of Michaels' contention, he points to the motion court's statement indicating that probation on another case of Michaels' would be suspended and restarted "when he's released from the 120–day treatment program"; Michaels argues "something beyond seven years of imprisonment and 'probation denied' was not only *contemplated* by the parties, but was a part of the parties' agreement, known to and accepted by the court and made a part of the sentence and judgment in each case." We, however, find the motion court's statement merely reflects that Michaels was committed to the treatment program under section 559.115; it does not reflect a guarantee as to his successful completion. Because Michaels, of his own volition, failed to complete the 120–day treatment program, this cut off his opportunity to be released on probation under section 559.115. Notably, even if Michaels had the mistaken belief that he was guar-

anteed he could not be "kicked out" of the program, this does not reflect a reasonable belief. As such, a mistaken belief about sentencing could only entitle Michaels to relief if his belief was reasonable.[3] *Talley,* 146 S.W.3d at 467.

We find Michaels' reliance on *Webb v. State,* 334 S.W.3d 126 (Mo. banc 2011), misguided. In *Webb,* our Supreme Court reiterated that "allegations that the defendant's attorney misinformed him as to parole eligibility 'are not conclusively refuted by the record where no mention is made of parole eligibility.'" *Id.* at 129–30 (quoting *Shackleford v. State,* 51 S.W.3d 125, 128 (Mo.App. W.D.2001)). In *Webb,* the defendant's negative response to a routine inquiry of whether any other promise other than that stated had been made was found to be too general to encompass all possible statements made by counsel to his client, specifically the alleged misrepresentation as to parole eligibility. *Id.* at 129. *Webb,* nevertheless, is distinguishable from the case at hand. Unlike *Webb,* Michaels' claim involves a false misrepresentation as to probation. Thus, unlike *Webb* where there was no mention of parole eligibility, here, probation was specifically mentioned in the plea agreements and during the hearing.

Therefore, the motion court did not clearly err in finding the record refuted Michaels' claim that his counsel was ineffective for guaranteeing release on probation under section 559.115. Point I is denied.

### *Point II*

Next, we determine whether the motion court clearly erred in finding the record refuted Michaels' claim that his counsel

---

3. Because Michaels was denied release under section 559.115 before completion of the 120–day treatment program due to his own behavior, we need not consider whether the record

clearly refuted that plea counsel misrepresented the fact that Michaels was guaranteed release upon completion of the treatment program.

was ineffective for failing to properly advise him as to the nature of the offenses of manufacturing and possessing a controlled substance. Specifically, Michaels argues the charges of manufacturing and possessing a controlled substance are subject to a constructive-or-joint-possession analysis, under which the facts shown would not have supported a conviction. We disagree.

Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The purpose of the rule is to help to insure that a guilty plea is knowing and voluntary. *Browder v. State*, 326 S.W.3d 33, 34–35 (Mo.App. W.D.2010). "A factual basis for a guilty plea exists if the defendant understands the facts recited at the plea hearing, those facts establish the commission of the charged crime, and the defendant is aware of the nature of the charges." *Wallace v. State*, 308 S.W.3d 283, 286 (Mo.App. S.D.2010). A plea court is not required to explain every element of the crime charged to the defendant at the plea hearing, as long as the trial court can otherwise surmise that the defendant understands the nature of the charge. *Browder*, 326 S.W.3d at 35. Frequently, the defendant's understanding of the nature of the charge against him is accomplished by the defendant's discussion with counsel prior to the hearing. *Id.* "The factual basis need not be established from the defendant's own words or by his admission of the facts recited by the State as long as a factual basis exists on the record as a whole." *Wallace*, 308 S.W.3d at 286.

Here, Michaels alleges there was insufficient evidence because even though the meth lab was located in Michaels' apartment, Michaels denied knowledge of the meth lab and the evidence showed that another individual was present.

The offense of manufacturing a controlled substance requires actual or constructive possession of the materials being used to manufacture a controlled substance. *State v. Smith*, 33 S.W.3d 648, 653 (Mo.App. W.D.2000). The offense of possessing a controlled substance also requires actual or constructive possession of the controlled substance. *Id.* However, when the accused shares control over the premises, further evidence is required to connect him to the offense. In a manufacturing case, there must be some incriminating evidence implying that the defendant knew of the presence of the manufacturing process and that the materials or the manufacturing process was under his control. *Id.* In a possession case, there must be evidence the accused knew of the presence of the controlled substance and it was under his control. *Id.* Both possession and awareness may be established through circumstantial evidence. *State v. Bacon*, 156 S.W.3d 372, 377–78 (Mo.App. W.D.2005).

The facts recited by the State support a factual basis for Michaels' pleas—specifically regarding his possession and awareness. Michaels' apartment contained a meth lab; he admitted to helping a man carry a duffel bag and two or three milk crates containing glass into his apartment; the man specifically asked about making a meth lab in the room; and thereafter, Michaels left to give the man some privacy. These facts clearly imply Michaels had knowledge of the presence of the meth lab and the manufactured meth in his apartment. As such, the record of the guilty plea hearing demonstrates Michaels understood the nature of the charges to which he pleaded guilty and that his pleas were voluntary. *See Western v. State*, 760 S.W.2d 174, 176 (Mo.App. S.D.1988). Point II is denied.

After reviewing the complete record, we are not left with a definite and firm impression that a mistake has been made.

The judgment of the motion court is affirmed.

BARNEY and BATES, JJ., concur.