**Darrill LYNN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 99451.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 8, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 19, 2013.

Application for Transfer Denied Feb. 4, 2014.

Murry A. Marks, St. Louis, MO, for appellant.

Robert M. Hibbs, Jefferson City, MO, for respondent.

ANGELA T. QUIGLESS, Judge.

## I. INTRODUCTION

Darrill Lynn (Movant) appeals the judgment of the circuit court denying his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Movant contends that the motion court erred in denying his motion because: (1) his open guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970),[1] was invalid *under Alford*; (2) counsel was ineffective for advising Movant to enter an open *Alford* plea because it provided no benefit over a trial; (3) counsel was ineffective for failing to conduct adequate pretrial investigation; (4) counsel was ineffective for promising that Movant would receive probation; (5)

counsel was ineffective for failing to file and litigate a motion to suppress Movant's statements to police; and (6) the court improperly accepted the plea without a sufficient factual basis. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The State charged Movant with kidnapping James McNeely (Victim). Movant decided to plead guilty. At the plea hearing, Movant's counsel informed the court that Movant wanted to enter an *Alford* guilty plea. The following exchange occurred:

[COURT]: Mr. Lynn, then it's my understanding that you wish to enter what's referred to as an *Alford* plea, meaning that you do not believe you're guilty of the class B felony charge of kidnapping that you are charged with but that the State's evidence is such that if the case were tried you do believe you would be found guilty; is that correct?

[MOVANT]: Yes, sir.

[COURT]: All right. And do you understand that if I do accept this as an *Alford* plea that the same possibilities as to punishment, penitentiary sentence is the only possibility on this charge?

[MOVANT]: Yes, sir.

[COURT]: Are available to me as if it were a straight-up plea of guilty?

[MOVANT]: Yes, sir.

Movant informed the court that he had enough time to talk with counsel about the case and had no complaint about how counsel handled the case. The court asked Movant if he understood that by entering an *Alford* plea, he was giving up his rights to a trial by jury, to confront his accusers,

---

1. "An *Alford* plea allows a defendant to plead guilty to a charged offense and accept criminal penalty even if he or she is unwilling or unable to admit to committing the acts consti-

tuting the offense." *Brooks v. State*, 242 S.W.3d 705, 707 n. 2 (Mo. banc 2008); *see Alford*, 400 U.S. at 37–38, 91 S.Ct. 160.

to call his own witnesses, and to the presumption of innocence at trial. Movant stated that he understood and wished to proceed with his plea.

The court asked Movant: "Do you agree, then, that if the case were tried the State's evidence would show that on December 17, 2009, you, acting knowingly in concert with Jackie Moss, Robert Allen, Chester Harvey, Jr., and Chad Michael Harvey unlawfully confined [Victim] without his consent for a substantial period for the purpose of terrorizing [Victim]?" Movant replied, "Yes, sir."

Movant stated no threats or promises had been made to cause him to plead guilty and no one made any promise about the sentence he would receive. The court asked Movant: "Do you understand that no one can promise what your sentence will be and I can impose any sentence within the range of punishment permitted by law and the range of punishment on this charge is a minimum of five up to a maximum of fifteen years in the penitentiary?" Movant responded, "Yes, sir."

The prosecutor informed the court if the case proceeded to trial the evidence would be: In December 2009, Victim was residing in the home of Chester Harvey, Jr. Mr. Harvey told Movant by telephone that he wanted Victim removed from the home. On the night of December 17, Movant, along with Jackie Moss and Robert Allen, went to Mr. Harvey's home. Movant, Mr. Moss, and Mr. Allen "removed" Victim from Mr. Harvey's residence and took him to Movant's home. Victim "remained there with them" until Mr. Harvey and several of his family members arrived at Movant's home the next day. Movant showed Mr. Harvey how to place duct tape on Victim's hands. Mr. Harvey bound Victim, removed him from Movant's home, and drove him back to the Harvey residence. Over the next several days, the Harvey family tortured and killed Victim.

The court asked Movant if he agreed that the State's evidence would be as the prosecutor described if the case proceeded to trial. Movant replied, "Yes, sir." The court found there was a factual basis for Movant's *Alford* plea of guilty to the kidnapping charge, that Movant understood the nature of the charge, and that Movant's plea was voluntary and unequivocal. The court accepted the plea. At the sentencing hearing, the court sentenced Movant to ten years' imprisonment. After announcing the sentence, the court advised Movant of his rights to proceed under Rule 24.035.

Movant filed a Rule 24.035 motion for post-conviction relief, asserting a total of six claims. In his first four claims, Movant alleged that counsel was ineffective for:

(1) failing to conduct adequate pretrial investigation by: (a) not reading all the discovery the State provided; and (b) not interviewing or deposing witnesses—specifically, Jackie Moss, Robert Allen, Scott Trower, and Chester Harvey—who would have provided exculpatory testimony;

(2) promising Movant that the court would suspend execution of his sentence and put him on probation when Jackie Moss and Robert Allen received three-year sentences after entering negotiated pleas of guilty to attempted kidnapping charges;

(3) advising Movant to enter an open *Alford* plea because the plea offered Movant no benefit over going to trial; and

(4) failing to file and litigate a motion to suppress Movant's statements to police that he assisted Mr. Harvey by providing duct tape and explaining how to wrap Victim's hands so that he would not escape.

In his final two post-conviction claims, Movant alleged that the court violated his rights to due process, equal protection, and a fair trial by accepting his guilty plea because:

(1) the court did not: (a) ask Movant if he understood the aspects of an *Alford* plea; (b) make an explicit finding that Movant was choosing to plead guilty because he believed it was a better alternative than going to trial; or (c) make an explicit finding that Movant's guilty plea represented an intelligent choice among alternative courses of action; and

(2) the factual basis for the plea was insufficient.

The motion court denied Movant's motion after holding an evidentiary hearing. The motion court found that Movant was not a credible witness and that counsel and the prosecutor were credible as to the facts they remembered. Movant appeals.

### III. STANDARD OF REVIEW

■■ We review the denial of a post-conviction motion to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). The findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). "In reviewing a motion for post-conviction relief filed pursuant to Rule 24.035, an *Alford* plea is not treated differently from a guilty plea." *O'Neal v. State*, 236 S.W.3d 91, 95 (Mo.App.E.D.2007).

### IV. DISCUSSION

Movant asserts six points on appeal. We address these points out of order for ease of analysis.

### A. Claims That the Trial Court Improperly Accepted Movant's Plea

■■ "As with any guilty plea, an *Alford* plea is valid if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Michaels v. State*, 346 S.W.3d 404, 408 (Mo.App.S.D.2011) (quotation omitted). Where a movant asserts a post-conviction claim that his guilty plea was invalid on the ground that the court violated his constitutional rights, our focus "is on whether the plea was made intelligently and voluntarily and not on whether a particular ritual [was] followed or every detail explained." *Roussel v. State*, 314 S.W.3d 398, 401 (Mo.App.S.D.2010) (quotation omitted).

#### 1. Validity of Plea Under Alford

In his first point on appeal, Movant argues that the motion court erred in denying his claim that the court violated his constitutional rights by accepting his plea because: (1) *Alford* "inherently forecloses" an open *Alford* plea; and (2) the court failed to satisfy *Alford*'s requirement to make an explicit finding on the record that Movant made a voluntary and intelligent choice among his options. The State counters that the record demonstrates that Movant voluntarily and intelligently chose to enter the plea.

■■ Movant first argues that the Supreme Court's *Alford* opinion "inherently forecloses" an open *Alford* plea. Movant did not present this argument to the motion court. "Claims not presented to the motion court cannot be raised for the first time on appeal." *Lilly v. State*, 374 S.W.3d 390, 394 (Mo.App.W.D.2012) (quotation omitted). In addition, a movant is obligated to raise a claim concerning an alleged constitutional violation at the first

opportunity. *Id.* Thus, Movant has failed to preserve this argument. "While, generally, errors not preserved on appeal may be reviewed for plain error at the appellate court's discretion, plain error review does not apply on appeal to review of claims that were not raised in the Rule 24.035 motion." *Id.* (internal quotations and citations omitted). Accordingly, we decline to review Movant's claim that *Alford* "inherently forecloses" an open *Alford* plea.

■ Movant's second argument on this point alleges that the court improperly accepted his plea because it failed to make an explicit finding on the record that Movant made a voluntary and intelligent choice among his alternative courses of action. To support his argument, Movant relies on *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

In *Alford,* the Supreme Court held that a criminal defendant "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence [by way of a guilty plea] even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U.S. at 37, 91 S.Ct. 160. The Court stated that the standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* at 31, 91 S.Ct. 160. The Court concluded that the *Alford* defendant's guilty plea was constitutionally valid because the defendant "intelligently conclude[d] that his interests require[d] entry of a guilty plea and the record before the judge contain[ed] strong evidence of actual guilt." *Id.* at 37, 91 S.Ct. 160. In a footnote, the Court stated:

Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, ... pleas coupled with claims of innocence should not be ac-

cepted unless there is a factual basis for the plea *and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence.*

*Id.* at 38 n. 10, 91 S.Ct. 160 (internal citations omitted) (emphasis added).

Here, the court inquired into and sought to resolve the conflict between Movant's waiver of trial and his claim that he was innocent of the kidnapping charge. The following exchange occurred at the plea hearing:

[COURT]: Mr. Lynn, then it's my understanding that you wish to enter what's referred to as an *Alford* plea, meaning that you do not believe you're guilty of the class B felony charge of kidnapping that you are charged with but that the State's evidence is such that if the case were tried you do believe you would be found guilty; is that correct?

[MOVANT]: Yes, sir.

[COURT]: All right. And do you understand that if I do accept this as an *Alford* plea that the same possibilities as to punishment, penitentiary sentence is the only possibility on this charge?

[MOVANT]: Yes, sir.

[COURT]: Are available to me as if it were a straight-up plea of guilty?

[MOVANT]: Yes, sir.

Movant informed the court that he understood by entering an *Alford* plea, he was giving up his rights to a trial by jury, to confront his accusers, to call his own witnesses, and to the presumption of innocence at trial. However, he wished to proceed with his plea, believing if the case were tried he would be found guilty. Movant agreed that at trial, the State's evidence would show that he, acting knowingly with others, unlawfully confined Victim without his consent for a substantial period for the purpose of terrorizing Victim.

Movant affirmed his understanding that the court could impose any sentence within the range of punishment permitted by law.

The court's dialogue with Movant at the plea hearing was more than sufficient to establish that Movant made a voluntary and intelligent choice among the options available to him. The court's inquiry satisfied *Alford*'s requirement that the judge seek to resolve the conflict between Movant's waiver of trial and his claim of innocence. *See Alford,* 400 U.S. at 38 n. 10, 91 S.Ct. 160. Although the court never expressly asked Movant whether he believed that entering an *Alford* plea was a better alternative than trial, the court had enough information to draw that conclusion. We reject Movant's unsupported assertion that the court must follow a specific script for an *Alford* plea to be valid.

The motion court did not err in denying Movant's claim that the trial court violated his constitutional rights by failing to satisfy *Alford*'s requirements. Point one is denied.

### 2. Sufficiency of Factual Basis for the Plea

In his sixth point on appeal, Movant asserts that the motion court erred in denying his claim that the trial court violated his rights to due process, equal protection, and a fair trial because it accepted his guilty plea without a sufficient factual basis. The State counters that it established the factual elements necessary to constitute the offense of kidnapping and that Movant understood the nature of the charge.

■■■■■■ "A factual basis for a guilty plea is necessary to ensure that the guilty plea was intelligently and voluntarily entered, thereby satisfying due process requirements." *Chipman v. State,* 274

S.W.3d 468, 471–72 (Mo.App.S.D.2008) (quotation omitted). Rule 24.02(e) provides that a court "shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). "[T]he purpose of Rule 24.02(e) is to aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily." *Chipman,* 274 S.W.3d at 472 (quotation omitted). "The required factual basis can be established by the defendant's testimony, or his acknowledgment of facts recited by the prosecutor." *O'Neal v. State,* 236 S.W.3d 91, 95 (Mo.App.E.D. 2007).

■■■■■■ "When a movant who has entered an *Alford* plea asserts that there is an inadequate factual basis for the plea, the court necessarily takes into account the fact that with an *Alford* plea there is an explicit refusal to acknowledge guilt." *Id.* at 96. "The defendant, however, may still voluntarily, understandingly, and unequivocally make the choice to enter the plea." *Id.* "The record should show the various factual elements necessary to constitute the offense and should show that the movant understood the elements." *Id.; see also Alford,* 400 U.S. at 38 n. 10, 91 S.Ct. 160.

"A person commits the crime of kidnapping if he or she ... unlawfully confines another without his or her consent for a substantial period, for the purpose of ... terrorizing the victim...." Mo.Rev.Stat. § 565.110.1(5).[2] "Terrorize is defined as 'to fill with terror or anxiety,' 'to coerce by threat or violence.' " *State v. Brock,* 113 S.W.3d 227, 232 (Mo.App.E.D.2003) (quoting Webster's Third New International Dictionary 2361 (1966)).

---

2. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

Here, the prosecutor asserted, and Movant agreed, that the State would establish the following facts if the case proceeded to trial: On December 17, 2009, Movant and two other men "removed" Victim from Mr. Harvey's home and took him to Movant's home. Victim "remained there with them" until Mr. Harvey and several of his family members arrived the next day. Movant showed Mr. Harvey how to place duct tape on Victim's hands. Mr. Harvey bound Victim, removed him from Movant's home, and drove him back to the Harvey residence. Over the next several days, the Harvey family tortured and killed Victim.

 Movant claims the recitation of facts was insufficient because the prosecutor did not specifically state that Movant unlawfully confined Victim or terrorized him. However, the prosecutor stated Movant "removed" Victim from the Harvey home and took him to Movant's home, where Victim remained until the Harveys arrived. The prosecutor also stated that Movant showed Mr. Harvey how to use duct tape to bind Victim. These facts are sufficient to establish the elements of unlawful confinement and a purpose of terrorizing.

Moreover, our task is to determine whether, based on the record as a whole, Movant understood the charge and pleaded guilty voluntarily. *See Scarborough v. State*, 363 S.W.3d 401, 405 (Mo.App.S.D. 2012). At the plea hearing, the court asked Movant: "Do you agree, then, that if the case were tried the State's evidence would show that on December 17, 2009, you, acting knowingly in concert with [others,] unlawfully confined [Victim] without his consent for a substantial period for the purpose of terrorizing [Victim]?" Movant replied, "Yes, sir." The record as a whole demonstrates that Movant understood the factual elements necessary to constitute the offense of kidnapping and that he pleaded guilty voluntarily.

The motion court properly determined that there was a sufficient factual basis for Movant's guilty plea. Point six is denied.

## B. Claims that Counsel Was Ineffective

 To succeed on a post-conviction claim of ineffective assistance of counsel, a movant must demonstrate by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Worthington v. State*, 166 S.W.3d 566, 572–73 (Mo. banc 2005). By pleading guilty, a movant waives "any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington*, 166 S.W.3d at 573. To demonstrate prejudice when challenging a guilty plea, a movant must show a reasonable probability that, but for counsel's errors, he would have pleaded not guilty and demanded a trial. *Id.*

### 1. Misleading Movant About Plea and Sentencing

 In his second point on appeal, Movant contends that the motion court erred in denying his claim that counsel was ineffective for advising him to enter an open *Alford* plea of guilty because the plea offered no benefit over going to trial. In particular, Movant asserts that he would not have entered the plea had he known that the State promised no benefit, such as a reduced charge or an agreement to recommend a lenient sentence, in exchange

for the plea. In response, the State argues that Movant received a benefit because the State did not charge him with second-degree felony murder, which would have exposed Movant to a potential life sentence.

"A plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009). A defendant's guilty plea is not voluntary "if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." *Id.* (quotation omitted).

Movant's claim rests on the premise that the State promised no benefit in exchange for his plea. However, the record of the evidentiary hearing supports a finding that the State did promise a benefit. The prosecutor testified, as he continued to find evidence in the case and as the other defendants began to enter guilty pleas, he determined that the State would be able to prove that Movant was guilty of felony murder as well as kidnapping. Movant's guilty plea was pursuant to a plea agreement in which the State would not charge Movant with felony murder if he pleaded guilty to kidnapping. Likewise, counsel testified that after he and the prosecutor "went back and forth constantly" in discussions about the plea, the prosecutor ultimately decided to accept an *Alford* plea in exchange for the State not charging Movant with felony murder. Counsel stated he advised Movant that he believed entering an *Alford* plea was in Movant's best interest given the discovery in the case and the potential for a felony murder charge. Movant acknowledged that counsel told him the State would charge him

with murder if he did not plead guilty to kidnapping. Thus, the record refutes Movant's assertion that the State promised no benefit in exchange for the plea.

Movant argues that the State's "threat" of a felony murder charge was unreasonable because the murder occurred at least two days after the alleged kidnapping. Movant impliedly argues that counsel was ineffective because the State lacked the ability to prove beyond a reasonable doubt that Movant was guilty of the potential charge. Movant cites no authority to support this proposition and does not explain the absence of authority. "Rule 84.04(d) requires that an Appellant provide appropriate citation to authority in support of his contentions." *Rios v. State*, 368 S.W.3d 301, 312 (Mo.App.W.D.2012) (quotation omitted). "If no authority exists on the issue, an explanation for the absence of authority is required." *Id.* (quotation omitted). "If no explanation is given, we may consider the point to be abandoned." *Id.* (quotation omitted). Accordingly, we deem this argument abandoned.

We conclude that the motion court did not err in denying Movant's claim that counsel was ineffective for advising him to enter an open *Alford* plea of guilty in the absence of a promised benefit from the State. Point two is denied.

In his fourth point on appeal, Movant maintains that the motion court erred in denying his claim that counsel was ineffective for promising him that the trial court would suspend execution of his sentence and put him on probation. Movant argues that competent counsel would not have represented that Movant had a "good chance" of receiving probation when Jackie Moss and Robert Allen, who were "less culpable" than Movant, each received several years' imprisonment after entering

negotiated pleas of guilty. The State asserts that the record demonstrates that counsel made no promises to Movant about his sentence and that Movant did not reasonably rely on any promises about his sentence.

■■■ "Mistaken beliefs about sentencing may affect a defendant's ability to knowingly enter a guilty plea if: 1) the mistake is reasonable, and 2) the mistake is based upon a positive representation upon which movant is entitled to rely." *Carden v. State*, 404 S.W.3d 386, 389 (Mo. App.S.D.2013) (quotation omitted). However, "a motion court does not clearly err in denying a claim that the movant was misled about his sentence where the attorney testifies at an evidentiary hearing the alleged misadvice was never given." *Id.*

Movant alleged in his post-conviction motion that counsel promised him probation, but the record of the evidentiary hearing refutes this claim. Counsel testified that he informed Movant that Mr. Moss and Mr. Allen received three-year sentences. Counsel stated that he advised Movant: "They may think you were a little more important ... but at the same time I think you have a heck of a nice background." Counsel testified that he believed Movant's "good employment at the penitentiary" and his "pretty good background" might aid him in getting a lesser sentence but that he did not assure Movant that he would receive probation. Counsel stated: "I told him there's no promises here and I'm not assured of anything but I'm just telling you that you have a good opportunity." Counsel testified that he told Movant that with a blind plea the court could impose any sentence within the range of punishment. The motion court found that counsel was a credible witness. Although Movant testified that counsel promised him that he would receive probation if he pleaded guilty, the motion court found that Movant's testimony in that regard was not credible. "We defer to the motion court's credibility determinations." *Wallar v. State*, 403 S.W.3d 698, 709 (Mo.App.W.D.2013) (quotation omitted).

■■■ We find counsel's advice constituted, at most, a mere prediction as to what sentence the court would impose based on Movant's employment history and lack of a serious criminal record. "Neither a disappointed expectation of a lesser sentence, nor a mere prediction as to sentencing by counsel that proves incorrect, is sufficient to render a guilty plea involuntary." *Gold v. State*, 341 S.W.3d 177, 181 (Mo.App.S.D. 2011).

■■■ In addition, even if Movant established that counsel made misleading statements that caused him to have a mistaken belief about his sentence, he would be entitled to relief only if his belief was reasonable. *See Michaels v. State*, 346 S.W.3d 404, 409 (Mo.App.S.D.2011). At the plea hearing, the court asked Movant: "Do you understand that no one can promise what your sentence will be and I can impose any sentence within the range of punishment permitted by law and the range of punishment on this charge is a minimum of five up to a maximum of fifteen years in the penitentiary?" Movant responded, "Yes, sir." Thus, the record reflects that Movant's mistaken belief that he would receive probation was unreasonable. *See, e.g., Zarhouni v. State*, 313 S.W.3d 713, 716 (Mo. App.W.D.2010); *Castor v. State*, 245 S.W.3d 909, 914 (Mo.App.E.D.2008).

Accordingly, the motion court did not err in denying Movant's claim that counsel was ineffective for promising that the trial court would suspend execution of his sentence and put him on probation. Point four is denied.

### 2. Failure to Investigate

In his third point on appeal, Movant claims that the motion court erred in denying his claim that counsel was ineffective for failing to conduct adequate pretrial investigation. In particular, Movant contends that competent counsel would have: (1) reviewed the discovery provided by the State; and (2) interviewed Jackie Moss, Robert Allen, and Scott Trower, whose testimony would have provided a viable defense to the charge of kidnapping. The State counters that: (1) the record demonstrates that counsel reviewed the discovery the State provided; and (2) Movant failed to demonstrate how the witnesses would have provided him with a viable defense.

■■■■ "By pleading guilty, a movant generally waives any complaint he might have about counsel's failure to investigate his case, except to the extent that counsel's inadequate investigation affected the voluntariness and understanding with which the movant entered the plea." *Conger v. State*, 356 S.W.3d 217, 224 (Mo.App.E.D. 2011). "To prevail on a claim of ineffective assistance of counsel for failure to investigate, a movant is required to allege what information plea counsel failed to discover, that a reasonable investigation would have resulted in the discovery of such information, and the information would have aided and improved the defense." *Bliss v. State*, 367 S.W.3d 190, 195 (Mo.App.S.D.2012).

■■■ In the first portion of Movant's claim on this point, he argues that counsel failed to adequately investigate because he failed to review the discovery the State provided to him. This claim is not supported by the record. At the evidentiary hearing, counsel testified that he did not recall how many pages of discovery he reviewed but that he generally reviewed all of the discovery he received from the State and listened to recorded witness interviews. The prosecutor testified that

Movant's counsel came to his office to view certain DVDs provided in discovery and discussed with him the contents of specific items of discovery, including witness statements. Thus, the motion court properly concluded that counsel reviewed the discovery provided by the State.

In the second portion of Movant's claim on this point, he asserts that counsel failed to adequately investigate the case because he failed to interview three witnesses. Specifically, Movant claims that the testimony of Jackie Moss, Robert Allen, and Scott Trower would have provided Movant a viable defense to the kidnapping charge.

■■■■ As an initial matter, we must address whether Movant has provided us with an adequate record to review the claim with regard to Mr. Moss and Mr. Allen. Movant introduced depositions of Mr. Moss and Mr. Allen at the evidentiary hearing to support his position that the men would have provided testimony favorable to Movant. However, Movant failed to include the depositions in the record on appeal. "It is fundamental that on appeal the motion court's ruling is presumed to be correct and that the burden is on the appellant to establish that the ruling was erroneous." *Garris v. State*, 389 S.W.3d 648, 652 (Mo. banc 2012). "Having the burden of demonstrating error, it is appellant's obligation to prepare and file a record on appeal that incorporates the proceedings showing that the motion court erred." *Id.* (quotation omitted). Moreover, an appellant must furnish this court with an adequate record for review of the issues on appeal "so that we are not forced to speculate on the facts and the exact claim of [the appellant]." *Kerns v. State*, 389 S.W.3d 749, 752 (Mo.App.S.D.2013) (quotation omitted). "The record on appeal shall contain all of the record, proceedings and evidence necessary to the

determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(a). By failing to include the depositions of Mr. Moss and Mr. Allen in the record on appeal, Movant has failed to furnish us with the record necessary to determine whether the motion court erred in denying his claim that counsel was ineffective for not interviewing the two men.

 Movant's claim that counsel was ineffective for not interviewing Mr. Trower fails because Movant did not prove that counsel failed to discover Mr. Trower's expected testimony. Counsel admitted at the evidentiary hearing that he never spoke to Mr. Trower. However, the record supports that counsel was familiar with the statement Mr. Trower gave to police about the incident.

In addition, Movant's claim fails in that Mr. Trower's testimony would not have aided Movant's defense. Mr. Trower testified at the evidentiary hearing that he was present at Movant's home when Victim arrived and that Victim appeared "fine" and not frightened. However, Mr. Trower acknowledged that he did not accompany Movant, Mr. Moss, and Mr. Allen when they removed Victim from the Harvey residence. Mr. Trower also admitted that he was not present at Movant's home when the Harveys arrived and removed Victim. Mr. Trower was unable to testify as to anything that occurred during those two crucial periods of time. Mr. Trower was unable to confirm or deny that Movant participated in placing duct tape on Victim's hands.

The motion court did not err in denying Movant's claim that counsel was ineffective for failing to conduct adequate pretrial investigation. Point three is denied.

### 3. Failure to File Motion to Suppress Movant's Statements

 In his fifth point on appeal, Movant argues that the motion court erred in denying his claim that counsel was ineffective for failing to file and litigate a motion to suppress Movant's statements to the Highway Patrol that he provided Mr. Harvey with duct tape and demonstrated how to bind Victim's hands. More specifically, Movant alleges that competent counsel would have pursued a motion to suppress his statements because he made them while intoxicated and sleep deprived and the statements constituted the only significant evidence against him. The State contends that there was no reasonable probability that a motion to suppress would have succeeded because: (1) the Highway Patrol officers testified at the evidentiary hearing that Movant did not seem tired or intoxicated during the interview; and (2) there is no evidence that Movant was in police custody when he made the statements.

 "A claim that counsel was ineffective for failing to file and pursue a motion to suppress is waived by the voluntary entry of a guilty plea." *Ramsey v. State,* 182 S.W.3d 655, 657 (Mo.App.E.D. 2005). "In order to determine whether a plea of guilty was voluntary, we review the record from movant's underlying criminal case and any evidence adduced at the evidentiary hearing." *Maberry v. State,* 137 S.W.3d 543, 547 (Mo.App.S.D.2004). "The mere existence of allegedly inadmissible evidence against a movant is not sufficient to vacate a guilty plea that was voluntarily and knowingly made." *May v. State,* 309 S.W.3d 303, 306 (Mo.App.E.D.2010) (quotation omitted).

Having found Movant's plea to be voluntary as previously discussed, we further note that Movant raised no concerns at the plea hearing about the circumstances of

his Highway Patrol interview and, instead, expressed satisfaction with counsel's performance. Movant informed the court that he had enough time to talk with counsel about the case and had no complaint about how counsel handled the case. We find Movant's statements establish that he pleaded guilty voluntarily and thereby waived his claim that counsel was ineffective for failing to file a motion to suppress. *See, e.g., id.* at 307–08; *Ramsey,* 182 S.W.3d at 659.

Movant's contention that under *Stevens v. State,* 353 S.W.3d 425 (Mo.App.S.D. 2011), he is entitled to relief because he successfully proved that his motion to suppress had a "possibility of success," is misplaced. *Stevens* does not assist Movant because it concerned a movant's Rule 29.15 post-conviction motion after a trial. 353 S.W.3d at 427. Here, by contrast, Movant pleaded guilty. As discussed above, where the record establishes that a movant pleaded guilty voluntarily, the movant is not entitled to relief on a claim that counsel was ineffective for failing to file and pursue a motion to suppress evidence. *See, e.g., May,* 309 S.W.3d at 307–08.

Because Movant's guilty plea was voluntary, the motion court did not err in denying his claim that counsel was ineffective for failing to suppress his statement to police. Point five is denied.

## V. CONCLUSION

The judgment of the motion court is affirmed.

MARY K. HOFF, P.J., and KURT S. ODENWALD, J., Concur.