**Tyrone L. SCARBOROUGH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 31159.**

Missouri Court of Appeals, Southern District, Division Two.

March 15, 2012.

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Attorney General and John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Presiding Judge.

Tyrone L. Scarborough ("Scarborough") appeals the motion court's denial of his Rule 24.035 [1] motion for post-conviction relief after an evidentiary hearing. We affirm.

### Factual and Procedural History

Scarborough was charged with one count of possession of a controlled substance, pursuant to section 195.202. The State's information alleged that on or about September 19, 2001, Scarborough "possessed cocaine, a controlled substance, knowing of its presence and nature."

At Scarborough's plea hearing, he indicated he wished to enter an *Alford*[2] plea. The plea court explained an *Alford* plea to Scarborough, and Scarborough stated he understood the explanation, he had spoken to his attorney about the plea, and he did not have any questions about the plea. Before signing the plea petition, Scarborough stated he read through it and that his understanding of the plea agreement was that he would be placed on four years' probation with a suspended sentence of fifteen years' imprisonment. He declared that he had gone through the plea petition with his attorney and that all of his answers were true. Scarborough also stated

he understood that by pleading guilty he was waiving his right to a jury trial. In the plea petition, Scarborough declared that he had "read the information and [had] discussed it with [his] attorney[,]" that he understood he was charged with possession, that his attorney had explained the nature of the charge to him, and that he understood the nature of the charge.

The State then stated the following evidence would be presented if the matter went to trial:

> [W]e would have the testimony of an officer out of the Joplin Police Department ... who would indicate that back in September of '01 he got a search warrant for a couple of different residences, one, a duplex, and a nearby apartment complex, that he believed [Scarborough] was residing in both places.
>
> The duplex was searched. A significant amount of cocaine was found in the duplex in a suitcase that had men's clothing in it. The only two occupants— or the evidence will be the only two occupants of the duplex—there were three, [Scarborough], a girlfriend, and some children.... And other evidence would be that [Scarborough] admitted that the duplex was his residence. And we would have further evidence that he failed to appear on a previously scheduled court appearance in this case.

Following this evidence, Scarborough responded that he understood what the State's evidence would be.

The plea court accepted Scarborough's guilty plea and sentenced him as a prior drug offender to fifteen years' imprisonment—suspended execution of the sentence, and placed him on four years' probation. However, in the "Sentence and

---

1. All rule references are to Missouri Court Rules (2012). All references to statutes are to RSMo 2000, unless otherwise specified.

2. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Judgment" the "Prior Drug Offender" box was left unchecked.

Scarborough subsequently violated his probation. The plea court revoked Scarborough's probation and reduced his original fifteen-year sentence to ten years.[3]

Scarborough filed a timely *pro se* motion for post-conviction relief. Appointed defense counsel subsequently filed an amended motion. The motion alleged, in pertinent part, that the plea court failed to advise Scarborough of his rights as required by Rule 24.02(b), specifically that the plea court failed to require an adequate factual basis, and Scarborough "entered an Alford [sic] plea but the court did not inquire of [Scarborough] as to whether [he] believed there was substantial evidence against [him] and a great likelihood of conviction in the event [Scarborough] were to proceed to trial."[4] The motion court denied this claim, concluding Scarborough "fail[ed] to show how the court's questioning (or lack of questioning) regarding an Alford [sic] plea adversely affected him." This appeal followed.

Scarborough alleges the motion court clearly erred in denying his claim because there was an insufficient factual basis for the plea court to accept his *Alford* plea, rendering his plea unknowing, involuntary, and unintelligent. The pertinent issue for our determination is whether, based on the whole record, Scarborough understood the charge to which he pleaded guilty and pleaded voluntarily.

## Standard of Review

Appellate review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). "The [motion] court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression a mistake has been made." *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. banc 1996). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Hurst v. State*, 301 S.W.3d 112, 117 (Mo.App. E.D. 2010).

## Analysis

A plea court may not enter judgment on a guilty plea unless it determines there is a factual basis for the plea. Rule 24.02(e). While not constitutionally mandated, the purpose of Rule 24.02(e) "is to aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily." *Chipman v. State*, 274 S.W.3d 468, 472 (Mo. App. S.D.2008) (internal quotation and citation omitted).

Rule 24.02(e) serves as protection for an accused who may appear to be pleading voluntarily and with an understanding of the nature of the charge, but who does so without realizing that his conduct does not actually fall within the charge. In other words, a movant's post-conviction constitutional challenge to the knowingness and voluntariness of his or

---

**3.** The court reduced Scarborough's sentence after determining that at the time of his guilty plea, Scarborough believed, based on his probation sheet, his sentence would be ten years. The State does not challenge the court's authority to change Scarborough's sentence in this appeal.

**4.** Scarborough's amended motion also alleged that the plea court never found Scarborough to be a prior offender beyond a reasonable doubt. The motion court granted the amended motion regarding this claim and modified Scarborough's sentence from ten years to seven years.

her guilty plea based upon an insufficient factual basis must not only prove the insufficiency of a factual basis on the record before the plea court, i.e., the lack of compliance with Rule 24.02(e), *but also must demonstrate that such failure deprived him or her of the actual knowledge of the factual basis for the charge, thereby rendering his or her plea unknowing and involuntary and, thus, unconstitutional.*

*Id.* at 472 (internal quotation and citation omitted) (emphasis added).

■■■ When a movant who has entered an *Alford* plea asserts there was an insufficient factual basis for the plea, the court necessarily takes into account the fact that with an *Alford* plea there is an explicit refusal to acknowledge guilt; the movant, however, may still have voluntarily, understandingly, and unequivocally made the choice to enter the plea. *O'Neal v. State,* 236 S.W.3d 91, 96 (Mo.App. E.D.2007). "The record should show the various factual elements necessary to constitute the offense and should show that the movant understood the elements." *Id.* at 95. "The factual basis need not be established from the defendant's own words or by his admission of the facts recited by the State as long as a factual basis exists on the record as a whole." *Wallace v. State,* 308 S.W.3d 283, 286 (Mo.App. S.D.2010).

■■■ Scarborough specifically argues there was an insufficient factual basis to support the plea because nowhere in the

State's factual recital did it establish: (1) he had actual or constructive possession of the cocaine; and (2) that he was aware of the cocaine's nature and presence. However, whether the State in this case presented a sufficient recitation of the facts to prove that Scarborough knowingly possessed the cocaine is irrelevant; "our task is to determine whether [Scarborough] understood the charge to which he pleaded guilty and that he so pleaded voluntarily." [5] *Gooch v. State,* 353 S.W.3d 662, 667 (Mo.App. S.D.2011). Again, this determination is based on the record as a whole, not just the State's recitation of the facts. *Wallace,* 308 S.W.3d at 286.

■■■ While the State's factual recitation at the plea hearing did not explicitly declare Scarborough knowingly possessed the cocaine, in his plea petition Scarborough declared he had read the information, that he had discussed the information with his attorney, and that he understood the nature of the charge. Notably, the State's information alleged that he "possessed cocaine, a controlled substance, *knowing* of its presence and nature." (Emphasis added). Additionally, at the plea hearing, prior to admitting his plea petition, the plea court asked Scarborough if his answers in his plea petition were true, and Scarborough confirmed they were. As such, Scarborough was aware of the nature of the possession charge, even if the knowledge element was not explicitly included in the State's recitation of the facts.[6] Scarborough does not contend the

---

5. "A plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional, procedural[,] and constitutional infirmities, if any, in any prior stage of the proceeding." *Geren v. State,* 473 S.W.2d 704, 707 (Mo. banc 1971).

6. The State's recitation of the facts also supports an inference that Scarborough had knowledge of the cocaine. Scarborough contends that "evidence of additional incrimina-

ting circumstances that implied that he knew the cocaine was there and he had it under his control would have been required[ ]" because Scarborough did not have exclusive possession of the duplex where the suitcase was found in that his girlfriend and as least one child also resided there. Scarborough is correct that "[w]hen premises are jointly controlled, evidence of additional incriminating circumstances that imply that the defendant knew that the drugs were present and that

plea was rendered unknowing, involuntary, and unintelligent due to any other circumstances besides the absence of the knowledge element in the State's factual recitation.

After reviewing the complete record, we are not left with a definite and firm impression that a mistake has been made in determining Scarborough understood the charge to which he pleaded guilty and he so pleaded voluntarily. Point denied. The judgment is affirmed.

BARNEY and BATES, JJ., Concur.

[he] had them under [his] control is required." *State v. Warren*, 304 S.W.3d 796, 800 (Mo.App. W.D.2010). However, contrary to Scarborough's argument, the State's recitation of facts does show additional incriminating circumstances. The factual recitation indicated the State was prepared to show the cocaine was found in a suitcase of men's clothing at Scarborough's residence. The State went on to explain Scarborough was the only adult male occupant. Additional incriminating circumstances may include the commingling of the defendant's personal property with the drugs. *Id.*