Carlis A. SCOTT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 75861.

Missouri Court of Appeals, Western District.

Nov. 26, 2013.

Susan L. Hogan, Appellate Defender, Kansas City, MO, for appellant.

Chris Koster, Attorney General, Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for respondent.

Before Division Three: KAREN KING MITCHELL, Presiding Judge, and LISA WHITE HARDWICK and GARY D. WITT, Judges.

KAREN KING MITCHELL, Presiding Judge.

Carlis Scott appeals the motion court's denial of his Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing. We reverse and remand.

---

1. All rule references are to the Missouri Supreme Court Rules (2013), unless otherwise noted. All statutory references are to the Missouri Revised Statutes (2000), as updated through the 2007 Cumulative Supplement, unless otherwise noted.

## Factual and Procedural History

Carlis Scott was arrested for drug trafficking in violation of state law on September 5, 2007, but the case was later dismissed. Scott was then arrested on a federal warrant in January 2008. After being found incompetent to proceed, Scott was held in federal custody from June 2008 until June 2009. In October 2009, the state drug-trafficking charge was reinstated, but it was again dismissed in November 2009.

On October 19, 2010, Scott was charged with one count of second-degree drug trafficking, in violation of section 195.223. He was found competent to proceed on November 11, 2011, and pled guilty on April 5, 2012. Scott alleged that, with the exception of eleven days in October and November 2009, he was in either federal or state custody from January 2008, when he was arrested on the federal warrant, to April 5, 2012, when he pled guilty in state court.

· In exchange for Scott's guilty plea, the prosecutor recommended a sentence of eight years in prison. At the plea hearing, Scott told the court that he understood the plea agreement and had not received any other promises or assurances other than the plea agreement. He also said that he understood the range of punishment and that the prosecutor's sentencing recommendation was not binding on the court. Scott's attorney denied making any promises to Scott as to parole eligibility. The court then engaged in the following conversation with Scott and his attorney:

> [THE COURT:] Sir, in pleading guilty here today are you relying on any promise or assurance or advice from anyone as to when you may be eligible for probation or for parole if you are sent to the Department of Corrections?
>
> [SCOTT:] My understanding is that I will get four years time served.

[THE COURT:] Well, that can't happen because the minimum you can get is five years. Like I said, the range of punishment is five to 15.

[SCOTT:] Yes.

[THE COURT:] You understand that, and the range of punishment—I'm sorry, and the recommendation is for eight.

[DEFENSE COUNSEL:] Your Honor, just to clarify, Mr. Scott has served a significant amount of time in custody over the last several years that this case has been pending, and I think what I explained to him is that he automatically gets credit for time that he has served towards this sentence while he's been in custody, and I think that might be the area of confusion.

THE COURT: I see.

[DEFENSE COUNSEL:] He should have about four years total in custody at this point.

THE COURT: All right.

[THE COURT:] So it's your understanding that you're going to get credit for every day you've already served in this case?

[SCOTT:] Yes, sir.

[THE COURT:] Well, and that is true. That is going to happen. Now, you understand that this Court doesn't have any control over how that is calculated, though. The Department of Corrections is in charge of that, do you understand?

[SCOTT:] Yes.

[THE COURT:] Okay, so let me ask you the question again. Has anybody given you any promise or assurance or advice as to when you might be eligible for probation or parole if you are sent to the Department of Corrections?

[SCOTT:] No.

[THE COURT:] Okay. You understand that no one can make you any

such promise or assurance, and any advice you may have gotten along those lines is nothing more than guess work because you might have to serve every day of whatever sentence you get in this case. Do you understand that?

[SCOTT:] Yes.

Scott then stated that he was pleading guilty voluntarily. The court advised Scott of the rights he was giving up by pleading guilty, and Scott indicated that he understood. Scott also stated that he was satisfied with the representation he had received from his attorney. The court accepted Scott's guilty plea and sentenced him to eight years in the Department of Corrections.

Upon arrival at the Department of Corrections, Scott learned that he would receive 535 days of jail-time credit. On June 14, 2012, Scott timely filed a pro se Rule 24.035 motion to vacate, set aside, or correct his judgment and sentence. On October 1, 2012, appointed post-conviction counsel timely filed an amended motion.

The amended motion alleged that Scott was denied his rights to due process and the effective assistance of counsel in that he pled guilty in reliance on his attorney's advice that he would receive credit towards his sentence for all of the time he served before entering his guilty plea. The amended motion further alleged that Scott would not have pled guilty had he known that he would not be credited for the entire time he was in both state and federal custody.

On October 30, 2012, the motion court denied Scott's Rule 24.035 motion without granting him an evidentiary hearing. Scott then filed this appeal.

**Standard of Review**

Appellate review of the motion court's denial of a Rule 24.035 motion "is limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k). " 'The [motion] court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression a mistake has been made.' " *Scarborough v. State*, 363 S.W.3d 401, 404 (Mo.App. S.D.2012) (quoting *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. banc 1996)). A post-conviction movant is entitled to an evidentiary hearing only if: (1) he alleges facts that, if true, would warrant relief; (2) the allegations are not refuted by the record; and (3) the movant was prejudiced by the alleged errors. *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). A hearing is not required if the court determines that "the motion and the files and records of the case conclusively show that the movant is entitled to no relief." Rule 24.035(h).

**Analysis**

Scott's sole claim for relief is that his attorney was ineffective when he incorrectly assured Scott that he would receive four years of credit for time served towards the eight-year sentence he received. Scott claims that but for counsel's assurance, he would not have pled guilty.

If Scott held a mistaken belief about his potential sentence, he would be entitled to relief if that mistaken belief was both reasonable and "based on a positive misrepresentation on which he was entitled to rely." *Felton v. State*, 103 S.W.3d 367, 371 (Mo.App. S.D.2003). Incorrect advice from counsel regarding collateral consequences of conviction can render a defendant's plea involuntary. *Webb*, 334 S.W.3d at 129. But, " '[w]hile an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief

at the time of the plea proceeding, relief should not be granted.'" *State v. Roll,* 942 S.W.2d 370, 376 (Mo. banc 1997) (quoting *McMahon v. State,* 569 S.W.2d 753, 758 (Mo. banc 1978)). In other words, "'[w]here there is no reasonable basis for the belief in light of the guilty plea record, [the defendant] is not entitled to relief.'" *State v. Banks,* 259 S.W.3d 49, 51 (Mo.App. W.D.2008) (quoting *McMahon,* 569 S.W.2d at 758).

■ Here, the motion court erred in denying Scott's request for an evidentiary hearing because Scott's claim was not conclusively refuted by the record. On the contrary, the plea court's questioning of Scott regarding any promises that may have been made appears to support his claim:

[SCOTT:] My understanding is that I will get four years time served.

. . . .

[DEFENSE COUNSEL:] Your Honor, just to clarify, Mr. Scott has served a significant amount of time in custody over the last several years that this case has been pending, and I think what I explained to him is that he automatically gets credit for time that he has served towards this sentence while he's been in custody, and I think that might be the area of confusion.

THE COURT: I see.

[DEFENSE COUNSEL:] He should have about four years total in custody at this point.

THE COURT: All right.

It appears from counsel's statements to the plea court that counsel may have misadvised Scott that he would receive four years of credit for time served. Scott claims that this incorrect advice affected the voluntariness of his plea. Accepting Scott's allegation regarding counsel's advice as true, relief would be granted only if

his mistaken belief was reasonable and he was entitled to rely on the advice at the time of his plea. *See Roll,* 942 S.W.2d at 376.

The motion court found that Scott was not entitled to rely on counsel's alleged misrepresentation in light of the following statements made by the plea court:

[THE COURT:] So, it's your understanding that you're going to get credit for every day you've already served in this case?

[SCOTT:] Yes, sir.

[THE COURT:] Well, and that is true. That is going to happen. Now, you understand that this Court doesn't have any control over how that is calculated, though. The Department of Corrections is in charge of that, do you understand?

[SCOTT:] Yes.

[THE COURT:] Okay, so let me ask you the question again. Has anybody given you any promise or assurance or advice as to when you might be eligible for probation or parole if you are sent to the Department of Corrections?

[SCOTT:] No.

[THE COURT:] Okay. You understand that no one can make you any such promise or assurance, and any advice you may have gotten along those lines is nothing more than guess work because you might have to serve every day of whatever sentence you get in this case. Do you understand that?

[SCOTT:] Yes.

. . . .

[THE COURT:] Having heard and understood everything we've discussed so far, is it still your desire to enter a plea of guilty in this case?

[SCOTT:] Yes, sir.

Contrary to the motion court's finding, it appears that the circuit court's remarks

may have solidified Scott's mistaken belief. The above colloquy shows that the plea court, in reference to counsel's alleged advice that Scott would receive four years' credit for time served, stated "that is true. That is going to happen." Based on these statements, Scott could have reasonably believed that he would receive four years' credit for time served.

The only question remaining is whether anything the plea court said thereafter "thoroughly disabused [Scott] of any preconceived notions regarding the consequences of a guilty plea" so as to make his continued belief based on counsel's assurances unreasonable. *Allen v. State,* 233 S.W.3d 779, 784 (Mo.App. E.D.2007) (emphasis omitted) (quoting *Bounds v. State,* 556 S.W.2d 497, 498 (Mo.App.1977)). In this regard, we find three of the plea court's comments to be relevant to our analysis.

First, after assuring Scott that he would receive credit for time served, the plea court stated that no one could give Scott "any promise or assurance" as to when he would be eligible for probation or parole and that any promises he may have already been given were "nothing more than guess work." While these kinds of statements could serve to disabuse a defendant of preconceived notions regarding probation or parole eligibility, advising Scott that there was no assurance as to when he would be eligible for probation or parole did not clearly disabuse Scott of any belief he might have otherwise held as to credit for time served. Given the fact that the plea court advised Scott that he would receive credit for time served, in conjunction with counsel's indication that Scott had already served four years, it would have been reasonable for Scott to believe that he would receive credit for the four years of time served, regardless of when he might be eligible for parole. The plea

court's comment about probation and parole does not conclusively refute either the reasonableness of Scott's claimed belief or that he was entitled to rely on counsel's assurances.

Second, although the plea court also advised Scott that he "might have to serve every day of whatever sentence [he] g[o]t in this case," this statement is not necessarily inconsistent with receiving credit for four years of time served. Because time served before sentencing is still service of one's sentence under section 558.031, Scott could have reasonably believed that he would receive four years' credit and still "serve every day of whatever sentence" he might ultimately receive.

Finally, after stating, "So it's your understanding that you're going to get credit for every day you've already served in this case? . . . Well and that is true. That is going to happen[,]" the plea court immediately added, "Now, you understand that this Court doesn't have any control over how that is calculated, though. The Department of Corrections is in charge of that, do you understand?" While the plea court's additional comments do qualify, to some degree, the court's earlier assurance that Scott would get credit for every day served "in this case," the comments are insufficient to clearly disabuse Scott of the belief that he would get credit for the four years he had already served.

For the reasons stated above, the record is at best ambiguous and cannot be said to *conclusively* refute Scott's claim that, but for the incorrect advice he allegedly received regarding credit for time served, he would not have pled guilty. Therefore, the motion court erred in denying Scott an evidentiary hearing.

## Conclusion

The motion court clearly erred in denying Scott an evidentiary hearing on his Rule 24.035 motion. The judgment of the

motion court is reversed, and the case is remanded for further proceedings consistent with this opinion.

LISA WHITE HARDWICK, Judge, concurs.

GARY D. WITT, Judge, dissents in separate opinion.

GARY D. WITT, Judge.

I respectfully dissent from the majority opinion. The majority opinion correctly states the law applicable to this matter. However, the record below clearly refutes the allegations in Mr. Scott's motion, and I would affirm the denial of an evidentiary hearing and the denial of Mr. Scott's motion for relief.

As the majority opinion points out, Mr. Scott was in custody on this and other matters for approximately four years prior to his plea in this matter. Counsel informed the plea court of this fact when Mr. Scott indicated to the court that he believed he would "get four years time served." The plea court followed up with "that can't happen because the minimum [sentence] you can get is five years" and then clarified with the State and Mr. Scott that the range of punishment was five to fifteen years and the State's recommendation was for a sentence of eight years.

The plea court then carefully covered the fact that Mr. Scott was "going to get credit for every day you've already served *in this case*" (emphasis added). The plea court went even further to explain: "Now, you understand that this Court doesn't have any control over how that [credit for time served] is calculated, though. The Department of Corrections is in charge of that, do you understand?" The plea court then carefully covered that no one had given Mr. Scott "any promise or assurance or advice" as to when he may be eligible for probation or parole and that no one

had the ability to make such promises or assurances. The plea court specifically informed him that any such advice, promises or assurances would be "nothing more than guess work because *you might have to serve every day of whatever sentence you get in this case*" (emphasis added).

The plea court was correct in each of these statements. There is no way for the plea court or Mr. Scott's counsel to adequately calculate the applicable credit for time served as this is a calculation made by the Department of Corrections, a fact of which the plea court explained in great detail to Mr. Scott. *Donaldson v. Crawford*, 230 S.W.3d 340, 343 (Mo. banc 2007). Mr. Scott does not allege that he failed to receive proper credit for every day that he had in fact "served in this case." If Mr. Scott wishes to challenge the amount of credit he received, then he should file an appropriate action to do so. *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, 426–27 (Mo. banc 1992).

Mr. Scott's only allegation is that his counsel promised him credit for four years of credit for time served in this case and that he reasonably relied on this representation. This allegation is sufficiently refuted by the record. *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). While it may be arguable pursuant to the record that Mr. Scott's counsel may have indicated to him that he would be entitled to "about four years" of credit for time served, the record also clearly shows that the plea court took every step necessary to dissuade Mr. Scott of any reliance on any advice, assurance, or promise made by any person, including his counsel, as to how much credit he would be entitled to and that any such promise was unreliable and no one could make such a promise. "While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to

entertain such a belief at the time of the plea proceeding, relief should not be granted." *State v. Roll,* 942 S.W.2d 370, 376 (Mo. banc 1997) (quoting *McMahon v. State,* 569 S.W.2d 753, 758 (Mo. banc 1978)); *see also State v. Banks,* 259 S.W.3d 49, 51 (Mo.App. W.D.2008) ("Where there is no reasonable basis for the belief in light of the guilty plea record, [the defendant] is not entitled to relief.").

I fail to see, on this record, what else the plea court could have possibly done to inform Mr. Scott of these facts. I fail to see how, on this record, that Mr. Scott could have "reasonably relied" on any such promise, even if it had been made. "[A] defendant's guilty plea is voluntary even though his attorney gave him erroneous advice if the court's questioning of the defendant at the plea proceeding '*thoroughly disabused him of any preconceived notions regarding the consequences of a guilty plea.*' " *Allen v. State,* 233 S.W.3d 779, 784 (Mo.App. E.D.2007) (emphasis in original) (quoting *Bounds v. State,* 556 S.W.2d 497, 498 (Mo.App. E.D.1977)). Because I believe the record clearly and conclusively refutes the allegations in Mr. Scott's motion, I would affirm the ruling of the motion court and respectfully dissent from the majority opinion. If Mr. Scott wishes to challenge the amount of credit for time served that he in fact received in this case, this is not the appropriate action to do so.