

# Missouri Court of Appeals
## Southern District

### In Division

JUSTIN W. LAWRENCE,          )
            )

     Movant-Appellant,    )
            )

   v.             )     No. SD37251
            )

STATE OF MISSOURI,       )     **Filed: December 5, 2022**
            )

     Respondent-Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

The Honorable Laura J. Johnson, Judge

### AFFIRMED

Justin W. Lawrence ("Movant") appeals the dismissal of his Rule 24.035 post-conviction motions seeking to set aside his guilty plea without an evidentiary hearing.[1] In a single point, Movant contends that the motion court clearly erred in dismissing his Rule 24.035 post-conviction motions as untimely without an evidentiary hearing because "[Movant] alleged facts - not disputed by the record - that his plea counsel actively interfered with the filing of his post[-]conviction motion." Movant argues he relied on plea counsel's incorrect advice, otherwise he would have timely filed his *pro se* post-conviction motion, and that plea counsel's incorrect advice constituted third-party

---

[1] All rule references are to Missouri Court Rules (2017), unless otherwise specified.

interference. We disagree. Therefore, we affirm the judgment[2] dismissing Movant's Rule 24.035 post-conviction motions as untimely without an evidentiary hearing.

## Facts and Procedural Background

The following summary of the facts is based on the prosecutor's description of the expected evidence, if the matter proceeded to trial, presented at Movant's plea hearing. On April 18, 2016, Officer Tidwell of the Aurora-Marionville Police Department responded to a report of a burglary at the Apple Lance Apartments in Marionville, Missouri. Officer Tidwell was told to look for a white Chevrolet HHR vehicle, and she saw that vehicle in the parking lot of the building as she arrived. Officer Tidwell pulled her recognizable police patrol car in front of the vehicle, got out of her patrol car, and saw Movant in the driver's side of that vehicle. She stood in the open door of her patrol car, drew her pistol, and ordered Movant out of the car at gunpoint. Instead of exiting his vehicle as ordered by Officer Tidwell, Movant accelerated the vehicle forward toward Officer Tidwell attempting to strike her, and coming very close to striking her and her driver-side door.

Movant accelerated out of the parking lot at a high rate of speed, nearly striking another officer in a nearby intersection. Movant sped the vehicle down streets and through intersections. He struck a stop sign, went into a yard, and struck a fence damaging the fence. He failed to stop at other stop signs, and went airborne at one point flying through an intersection. Movant sped through an active fire scene where numerous emergency personnel were gathered, nearly striking multiple people with his vehicle.

---

[2] Under Rule 24.035(k), the document sustaining or overruling a post-conviction relief motion need not meet the denomination or signature requirements of Rule 74.01(a).

Movant eventually stopped after his vehicle experienced mechanical difficulties and the tires were shredded.

Movant was charged by an amended information on February 22, 2017, with one count of the class B felony of first-degree burglary (Count I); one count of the class A felony of first-degree assault of a law enforcement officer (Count II); one count of the class C felony of second-degree assault of a law enforcement officer (Count III); one count of the class A felony of first-degree assault of emergency personnel (Count IV); four counts of class C felony of the second-degree assault of emergency personnel (Counts V-VIII); three counts of the class C felony of endangering the welfare of a child (Counts IX-XI); and a class C felony of possession of a controlled substance (Count XII).

*Plea and Sentencing Hearing*

On February 24, 2017, Movant entered an ***Alford***[3] plea to Count II, first-degree assault of a law enforcement officer, with the remaining counts being dismissed in accordance with a plea agreement.[4] The State recommended 120-days of an institutional treatment center program ("ITC") followed by a 15-year suspended sentence per the plea agreement. The plea court explained to Movant that he was waiving certain trial rights by pleading guilty including the right to a jury trial, the presumption of innocence, the right to call and cross-examine witnesses, the right to testify or not testify, and the right to a direct appeal of the conviction. Movant was also advised of the minimum and maximum ranges of punishment.

---

[3] ***North Carolina v. Alford***, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] A copy of the "Petition to Enter an Alford Plea of Guilty" and the "Memorandum of Plea Negotiation" were admitted into evidence as Exhibits A and B, respectively, at the plea hearing.

3

At the conclusion of the plea colloquy, the plea court found that Movant's *Alford* plea was made freely, voluntarily, and intelligently with a full understanding of the charge, the consequences of pleading guilty, and his rights. The plea court found a factual basis for the plea and further found that Movant intelligently concluded Movant's rights and interests required an entry of a plea of guilty, and accepted Movant's *Alford* plea. The court then proceeded to sentencing and sentenced Movant to 15 years' imprisonment in the Department of Corrections (the "DOC") pursuant to section 559.115, a 120-day ITC in the DOC, and retained jurisdiction over Movant for the ITC.[5] The court ordered the commitment of Movant to the DOC in accordance with the sentence imposed and remanded Movant to the custody of the Lawrence County Sheriff to transport Movant to the DOC.

Before Movant was removed from the courtroom, the court proceeded to ask Movant questions about the services provided by his attorney. Movant informed the plea court that he had no complaints against his attorney, that his attorney had done everything he asked, and that his attorney had done a good job. The plea court found no probable cause that Movant received ineffective assistance of counsel. The court then informed Movant of his right to proceed under Rule 24.035:

> [The Court]: [Movant], I also have to tell you what is marked as Exhibit #C a Notice of Rights under Rule 24.035.[6] It appears you signed page two. Is that your signature on that?
>
> [Movant]: Yes, sir.

---

[5] All statutory references are to RSMo (2016), including the amendments effective January 1, 2017.

[6] Movant's "Notice of Rights Under Supreme Court Rule 24.035" was filed as part of Respondent's Supplemental Legal File.

[The Court]: And on it once you [are] delivered to the department of corrections you will have 180 days, not 181, not 182; no more than 180 days to fill out Form 40. Do you understand that?

[Movant]: Yes, sir.

[The Court]: Form 40 says that if I gave you a sentence that violates the Constitution of the United States or of this State; I was without jurisdiction to impose sentence on you or the sentence imposed was in excess [of] what's allowed by law or anything for ineffective assistance of counsel. You need to get this form filled out, do you understand that?

[Movant]: Yes, sir.

[The Court]: Okay. Any problems understanding that refer back to the copy of the form you have, do you understand that?

[Movant]: Yes, sir.

[The Court]: Do you have any questions about anything that happened here today?

[Movant]: No, sir.

Movant was delivered to the DOC on March 7, 2017, to begin his ITC. After Movant completed the 120-day ITC, Movant was placed on probation for five years. On May 28, 2020, the plea court revoked Movant's probation and ordered Movant to serve his 15-year sentence. Movant did not appeal his conviction and sentence.

*Post-Conviction Relief Procedural Background*

On August 27, 2020, Movant filed an untimely *pro se* post-conviction motion. Appointed counsel filed an amended Rule 24.035 motion on July 30, 2021, which argued that Movant's *pro se* Rule 24.035 motion was untimely because of Movant's plea counsel's erroneous advice. Movant contended that plea counsel told him if he filed the post-conviction motion, he would not get the 120-day ITC, so he needed to wait until his 15-year sentence was actually executed before he filed his post-conviction motion. On

5

August 23, 2021, the State filed a motion to dismiss "the motion to vacate, set aside or correct the judgement [sic] due to the motion not being filed in a timely manner."  The motion court sustained the State's motion on September 2, 2021, finding Movant was delivered to the DOC on March 7, 2017, but filed an untimely *pro se* motion on August 27, 2020.  The motion court further found that:

> Movant asks the [c]ourt to excuse his untimely filing, alleging his plea counsel told him "to wait until the sentence was actually executed if probation was revoked before filing the [*pro se* post-conviction motion]." Even if the [c]ourt accepts Movant's allegations as true, the transcript reveals that the [c]ourt clearly advised Movant of his obligation to file a post-conviction motion within 180 days of his delivery to the DOC, such that Movant was not reasonable in relying about any contrary advice allegedly given by counsel.  Furthermore, the [c]ourt finds that the "active interference" exemption which excuses the untimely filing of a post-conviction motion under Rule 24.035 would not apply even if Movant's allegation is true. *See Kirk v. State*, 590 S.W.3d 897, 903 (Mo. App. 2019) (the "active interference" exemption applies where the actions of the court, or clerk's office of the court, have prevented the timely filing).

Movant then filed this timely appeal of the motion court's judgment.

Standard of Review

Our Court's review of a denial of a post-conviction motion "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous.  Rule 24.035(k)[.]" ***Young v. State***, 606 S.W.3d 237, 239 (Mo. App. S.D. 2020).  After a review of the entire record, findings and conclusions are clearly erroneous only if the appellate court is left with the definite and firm impression that a mistake has been made.  ***Id.*** "'We presume that the motion court's findings are correct; thus, the appellant bears the burden of demonstrating clear error.'" ***Scroggins v. State***, 596 S.W.3d 163, 165 (Mo. App. W.D. 2020) (quoting ***Thompson v. State***, 449 S.W.3d 53, 57 (Mo. App. W.D. 2014)).

6

**Analysis**

In his single point relied on, Movant asserts that the motion court erred in dismissing Movant's post-conviction motions without an evidentiary hearing because "[Movant] alleged facts - not disputed by the record - that his plea counsel actively interfered with the filing of his post[-]conviction motion." Movant contends that plea counsel told him that if he filed his post-conviction motion, he would not get his 120-day ITC and that he must wait until his probation was revoked and his 15-year sentence executed before he filed his post-conviction motion. Movant argues that he relied on plea counsel's incorrect advice, otherwise he would have timely filed his post-conviction motion and that plea counsel's incorrect advice constituted third-party interference. We find no clear error by the motion court.

Rule 24.035 and Rule 29.15 filing deadlines are mandatory, and may not be waived. *Young*, 606 S.W.3d at 240. "A motion court lacks the authority to review the merits of an untimely Rule 24.035 *pro se* motion and must dismiss it." *Id.* There is a complete waiver of any right to proceed under Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to Rule 24.035 when there is failure to file a motion within the time provided by Rule 24.035. *Id.* "A movant seeking post-conviction relief must plead and prove that his *pro se* motion was timely filed." *Id.* "Presenting evidence of a timely filing or excuse from the time limits is an absolute requirement when the timing of a post-conviction motion is at issue." *Goldberg v. State*, 635 S.W.3d 599, 605 (Mo. App. E.D. 2021).

At the time at issue in this case, Rule 24.035(b) provided, in pertinent part, "[i]f no appeal of such judgment was taken, the motion shall be filed within 180 days of the

7

date the person is delivered to the custody of the department of corrections." Rule 24.035(b). In Y*oung*, this Court noted it is well-established in Missouri law that

> the time limitation for filing a Rule 24.035 motion begins to run upon the movant's initial delivery into the custody of [the] DOC, even when the movant is remanded to enter a long-term drug treatment program and is released on probation at its completion. *See, e.g.*, **Henson v. State**, 518 S.W.3d 828, 832-33 (Mo. App. S.D. 2017) (§ 217.362 drug treatment program); **Murphy v. State**, 420 S.W.3d 567, 568-69 (Mo. App. S.D. 2013) (same); **Hall v. State**, 380 S.W.3d 583, 584-85 (Mo. App. E.D. 2012) (§ 559.115 drug treatment program); **Searcy v. State**, 103 S.W.3d 201, 206 (Mo. App. W.D. 2003) (§ 217.362 drug treatment program).

*Young*, 606 S.W.3d at 241-42 (section 217.785 drug treatment).

The record is clear that Movant was delivered to the DOC the first time following plea and sentencing on March 7, 2017, for his ITC. Therefore, it is undisputed that Movant's initial motion was due in September 2017. Movant filed his *pro se* motion on August 27, 2020, almost three years after the 180-day deadline.[7]

Here, Movant pleads an excuse for not filing his Rule 24.035 *pro se* motion timely – "active interference" by his plea counsel. He argues the motion court erred in not conducting an evidentiary hearing with respect to his "active interference" claim. Movant argues that although **Muhammad v. State**, 579 S.W.3d 291 (Mo. App. W.D. 2019), appears to control, it is distinguishable from Movant's case in that Movant "did not receive an evidentiary hearing to factually develop his argument that plea counsel actively interfered with his timely filing of a post[-]conviction motion" and that Movant should be granted the same opportunity.

However, "[i]f the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be

---

[7] Movant concedes that he filed his post-conviction motion untimely.

8

held." Rule 24.035(h). A movant in a post-conviction proceeding is "'entitled to an evidentiary hearing only if: (1) he alleges facts that, if true, would warrant relief; (2) the allegations are not refuted by the record; and (3) the movant was prejudiced by the alleged errors.'" ***Thompson***, 449 S.W.3d at 58 (quoting ***Scott v. State***, 414 S.W.3d 57, 60 (Mo. App. W.D. 2013)). We find that Movant was not entitled to an evidentiary hearing under this standard.

Movant pleaded in his amended motion that "[c]ounsel told Movant to wait until the sentence was actually executed if probation was revoked before filing [the *pro se* post-conviction motion.]"[8] Because of his counsel's actions, Movant argued that the untimeliness of his *pro se* motion was justified under the recognized "active interference" exception. The motion court found that, even if Movant's allegations were true, the "active interference" exception did not apply here. We agree. Even if it were true that Movant's counsel told him to wait until his sentence was executed before filing his post-conviction relief motion under Rule 24.035, that would not warrant relief – excusing the late filing – in this case.

> Despite the seemingly absolute filing deadline for filing a pro se motion seeking post-conviction relief under Rule 24.035, "[t]he Supreme Court has, however, recognized that the untimeliness of a post[-]conviction relief motion will be excused where the untimeliness results from 'the active interference of a third party beyond the inmate's control.'"

***Goldberg***, 635 S.W.3d at 604.[9] "The active interference exemption arises out of the practical reality that an inmate cannot comply with [the post[-]conviction relief rules]

---

[8] Movant argued in his reply brief that the allegations in his motions contained facts, not conclusions entitling him to relief.

[9] Movant argued that the motion court incorrectly relied on ***Kirk v. State***, 590 S.W.3d 897, 903 (Mo. App. W.D. 2019), and did not analyze Movant's case in the context of active interference by

9

without relying on a third party to some extent." ***Id.*** (internal quotations omitted). The late filing of a motion beyond the movant's control has been excused in Missouri in rare circumstances, specifically when (1) an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed and (2) any tardiness results *solely* from the active interference of a third party beyond the inmate's control. ***Price v. State***, 422 S.W.3d 292, 301 (Mo. banc 2014).[10]

Here, Movant's amended motion only alleged that "[c]ounsel told Movant to wait until the sentence was actually executed if probation was revoked before filing [the *pro se* post-conviction motion,]" and did not allege that Movant prepared a motion and did all that he could do to ensure that it was timely filed. In fact, the allegation, combined with the fact Movant filed his *pro se* motion on August 27, 2020, implicitly indicates Movant

---

a third party other than the court or the clerk's office. Movant also argued that ***McFadden v. State***, 256 S.W.3d 103 (Mo. banc 2008), *abrogated on other grounds by* ***Price***, 422 S.W.3d at 307, stood for the proposition that "acts of counsel can constitute active interference." However, the Supreme Court emphasized that the ***McFadden*** opinion was limited to the "specific factual scenario where counsel overtly acted and such actions prevented the movant's timely filing." ***Id.*** at 108. In ***McFadden***, the record demonstrated that the movant timely prepared his motion and provided it to his counsel, per counsel's request, well before it was due, and counsel failed to timely file the motion. ***Id.***

[10] Noting the "public's substantial interest in preserving the finality of criminal convictions[,]" the Supreme Court stated:

> Even though "courts are solicitous of post-conviction claims that present a genuine injustice, that policy must be balanced against the policy of bringing finality to the criminal process." *White v. State,* 939 S.W.2d 887, 893 (Mo. banc 1997). That "balance" is reflected in the requirement that an inmate must initiate his post-conviction proceedings within the specified period or forever waive both the right to such a proceeding and all of the claims that might have been raised in a timely motion. *See* Rule 29.15(b) and Rule 24.035(b).

***Price***, 422 S.W.3d at 296.

10

did not begin drafting his *pro se* motion until his probation was revoked on May 28, 2020. "**[W]hen an inmate writes his or her initial post-conviction motion and takes every step he or she reasonably can within the limitations of confinement to see that the motion is timely filed,** 'a motion court may excuse the inmate's tardiness when the active interference of a third party beyond the inmate's control frustrates those efforts and renders the motion untimely.'" ***Pool v. State***, 621 S.W.3d 640, 642 (Mo. App. E.D. 2021) (quoting ***Price***, 422 S.W.3d at 302) (emphasis added). "[M]ere reliance on counsel's directions, with no showing that the movant attempted to draft and timely file the pro se motion, does not satisfy the exception[,]" according to both ***Price*** and ***Pool***. ***Goldberg***, 635 S.W.3d at 604 (citing ***Pool***, 621 S.W.3d at 642-43, and ***Price***, 422 S.W.3d at 302).

In addition, while Movant argued in his amended motion that plea counsel told him not to file his post-conviction motion until his 15-year sentence was executed or he would not be able to participate in the 120-day ITC, Movant's claim that he was misinformed as to the filing deadline is also refuted by the record. The motion court found and the record clearly demonstrated that the plea court advised Movant of his obligation to file a post-conviction motion within 180 days of his delivery to the DOC during the plea hearing. Furthermore, Movant's "Notice of Rights Under Supreme Court Rule 24.035," Exhibit C presented at the plea hearing and of which he signed and retained a copy, demonstrated that Movant was informed of his right to proceed under Rule 24.035 and that his motion must be filed within 180 days of his delivery to the DOC. Movant also testified at the plea hearing that he received the "Notice of Rights Under Supreme Court Rule 24.035," that he understood that once he was delivered to the

11

DOC he had 180 days to fill out the form, and if he did not understand, he was to refer back to the form.

Because we find that, even if Movant's allegations were true regarding his plea counsel's advice on waiting to file his post-conviction motion until after his 15-year sentence was executed, this did not constitute "active interference" by plea counsel entitling Movant to relief – the late filing of his post-conviction motion. Further, those facts were controverted by the record. As such, the motion court did not clearly err in dismissing Movant's motions as untimely without an evidentiary hearing as a matter of law.

We affirm.


JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS